# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### CIVIL DIVISION

**JARED MCELWEE,**

     **Plaintiff,**

**v.**                     **CASE NO:**

**BETTERMENT, LLC,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Jared McElwee, and brings this Class Action Complaint against Defendant, BETTERMENT, LLC, individually and on behalf of all others similarly situated, and alleges, as follows:

### Introduction

1.  Plaintiff brings this class action against Defendant for their failure to properly secure and safeguard personal and sensitive information that BETTERMENT, LLC collected, including, without limitation, e-mail addresses, phone numbers, physical addresses, dates of birth, and other financial information (collectively referred hereafter as "Personal Information").

2.  Plaintiff also alleges Defendant failed to provide timely, accurate, and adequate notice to Plaintiff and similarly situated current and former members of BETTERMENT, LLC (collectively referred hereafter as "Class Members") that their Personal Information had been exposed and precisely what types of information was unencrypted and in the possession of unknown third parties.

3.  Defendant has collected and stored the Personal Information of an estimated over one million (1,000,000) claimants. [1]

---

[1] The estimated number of claimants is based on preliminary data released by Defendant about its cyber breach. The total amount of claimants may rise as the scope of the breach is investigated and additional claimants are identified.

4.      Defendant's members entrusted Defendant, either directly or through intermediaries, to safeguard sensitive information in relation to their Personal Information.

5.      By obtaining, collecting, using, and deriving a benefit from the Personal Information of Plaintiff and similarly situated Class Members, Defendant assumed legal and equitable duties to protect and safeguard that information from unauthorized access and intrusion.

6.      Defendant has failed to take reasonable measures to safeguard the Personal Information of Plaintiff and similarly situated Class Members which has resulted in Personal Information potentially being made publicly available, subjecting Plaintiff and Class Members to identity theft and fraud.

7.      The harm to Plaintiff and Class Members is heightened given the sensitive nature of the of the Personal Information Defendant failed to secure.

8.      The Personal Information was compromised due to Defendant's negligent and/or careless acts and omissions and the failure to protect the Personal Information of Plaintiff and Class Members.

9.      In addition to Defendant's failure to prevent the data breach, after discovering the breach, Defendant delayed reporting the cyberbreach further harming Plaintiff and Class Members.

10.      As a result of this delayed response, Plaintiff and Class Members had no idea their Personal Information had been compromised, and that they were, and continue to be, at significant risk of identity theft and various other forms of personal, social, and financial harm.

11.      Plaintiff brings this action on behalf of all persons whose Personal Information was compromised as a result of Defendant's failure to: (i) adequately protect the Personal Information of Plaintiff and Class Members; (ii) warn Plaintiff and Class Members of Defendant's inadequate information security practices; and (iii) ensure that the Personal Information of Plaintiff and Class Members would be adequately safeguarded from misuse or exposure to unauthorized individuals whenever Defendant shared it with third parties.

12.    Plaintiff and Class Members  have suffered injury as a result of Defendant's conduct that includes, but is not limited to, (i) lost or diminished value of Personal Information; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Personal Information; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the data breach, including but not limited to lost time, and (iv) the continued and certainly increased risk to their Personal Information will be used for criminal activity and identity theft.

13.    Defendant disregarded the rights of Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that the Personal Information of Plaintiff and Class Members was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable and appropriate protocols, policies, and procedures regarding the encryption of data.

14.    As the result, the Personal Information of Plaintiff and Class Members was compromised through disclosure to unknown and unauthorized third-parties. Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they should be entitled to injunctive and other equitable relief.

## Jurisdiction

15.    At all material times, Plaintiff was and is a Florida resident.

16.    Defendant is a corporation whose principal place of business is 50 West 33rd Street, 11th Floor, New York, NY, 10001 that is licensed to conduct and does conduct business in New York.

17.    The Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs.

18.    Upon information and belief, the number of Class Members is over one million (1,000,000), many of whom have different state citizenship from Defendant, including Plaintiff. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

3

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise to the claim occurred in this jurisdiction.

## Factual Allegations

20.     Defendant provides financial advisory company that provides digital investment, retirement, and cash management services to its customers.

21.     As part of its services, Defendant collected and stored the Personal Information of approximately one million (1,000,000) of other Class Member claimants.

22.     In or around 2021, Plaintiff provided Defendant his Personal Information in order to receive services from Defendant.

23.     As a condition of becoming a recipient of Defendant's services, Plaintiff was required to provide his Personal Information, including, but not limited to, e-mail addresses, phone numbers, physical addresses, dates of birth, and other financial information.

24.     On    or    about January 9, 2026,    Defendant    learned    that    the Personal Information of Plaintiff and other Class Members had been exposed to unauthorized individuals through an unauthorized entry into its computer system.

25.     On January 13, 2026, Defendant notified Plaintiff that Personal Information may have been compromised to cybercriminals.

26.     Specifically, Defendant sent Plaintiff a Notice of Privacy Incident advising Plaintiff of the following:

"On January 9, an unauthorized individual gained access to certain Betterment systems through social engineering. This means the individual used identity impersonation and deception to gain access, rather than compromising our technical infrastructure. The unauthorized access involved third-party software platforms that Betterment uses to support our marketing and operations.

Once they gained access, the unauthorized individual was able to send a fraudulent, crypto-related message that appeared to come from Betterment to a subset of our customers. We have contacted those customers directly and advised them to disregard the message.

We take this incident very seriously. After the fraudulent message was sent on January 9, our teams immediately revoked the unauthorized access and launched a comprehensive investigation, which is ongoing. We have also engaged a leading cybersecurity firm to assist with our investigation."

27.    Based on information and belief, Plaintiff is similarly situated with other Class Members.

28.    Plaintiff and Class Members entrusted Defendant with sensitive and confidential Personal Information that was not intended to be shared or exposed to any third-party.

29.    Plaintiff and Class Members relied on Defendant to keep the Personal Information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

30.    Defendant had a duty to adopt reasonable measures to protect the Personal Information of Plaintiff and Class Members from involuntary disclosure to third parties.

31.    Defendant admitted in the Notice of Privacy Incident that unauthorized third persons accessed files that contained sensitive Personal Information about Plaintiff and Class Members.

32.    The unauthorized disclosure of Plaintiff's and other Class Members' Personal Information exposes them to identify theft, fraud, and other unlawful use of their information.

33.    Defendant did not use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information they were

maintaining for Plaintiff and Class Members, causing the exposure of Personal Information.

34.    The Federal Trade Commission ("FTC") defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority."

35.    The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "name, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

36.    By obtaining, collecting, and storing the Personal Information of Plaintiff and Class Members, Defendant assumed legal and equitable duties and knew or should have known that they were responsible for protecting the Personal Information from disclosure.

37.    Plaintiff had taken reasonable steps to maintain the confidentiality of their Personal Information and relied on Defendant to keep their Personal Information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

38.    Defendant could have prevented this data breach by ensuring adequate technical safeguards were in place to protect the Personal Information of Plaintiff and Class Members.

39.    Defendant's negligence in safeguarding the Personal Information of Plaintiff and Class Members is exacerbated by its failure to take action despite repeated warnings and alerts where similar sensitive information was exposed by cyber breaches.

40.    Despite the prevalence of public announcements of data breach and data security compromises and Defendant being aware that Personal Information of Plaintiff and Class Members was likely to be targeted, Defendant failed to take

appropriate steps to protect the Personal Information of Plaintiff and Class Members from being compromised.

41.    But for the actions and inactions of Defendant, Plaintiff has no reason to believe his Personal Information would have otherwise been disclosed.

42.    Plaintiff has suffered actual injury in the form of damages to and diminution in the value of his Personal Information caused by Defendant's actions and inactions which led to the cyber breach.

43.    Plaintiff has suffered lost time, annoyance, interference, and inconvenience as a result of the data breach and has anxiety and increased concerns for the loss of his privacy.

44.    Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from his Personal Information being placed in the hands of unauthorized third parties and possibly criminals.

45.    Plaintiff has a continuing interest in ensuring that his Personal Information, which, upon information and belief, remains in Defendant's possession and should be protected and safeguarded from future breaches.

## **Class Action Allegations**

46.    Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), as applicable, and (c)(4), Plaintiff seeks certification of the following class (the "Class"): All persons whose Personal Information was compromised in the data breach discovered by Defendant, including all persons who were sent a notice of the data breach by Defendant or learned of the data breach through other means (and each person a "Class Member").

47.    Excluded from the Class is any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

48.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

49.     This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

50.     **Numerosity Under Rule 23(a)(1):** The Class is so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all members of the Class in a single action will provide substantial benefits to the parties and the Court. Although the precise number of members of the Class is unknown to Plaintiff at this time, based on information and belief, the proposed Class contains an estimated one million (1,000,000) individuals. Defendant has identified thousands of current and former individuals whose Personal Information may have been improperly accessed in the data breach, and the Class is apparently identifiable within Defendant's records. It is also believed that, through discovery and by way of Defendant's records, the actual number of members of the Class.

51.     **Commonality Under Rule 23(a)(2).** Common legal and factual questions exist that predominate over any questions affecting only individual members of the Class. These common questions, which do not vary among members of the Class, and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to:

   a.   Whether Defendant knew or should have known that its computer systems and networks were vulnerable to unauthorized third-party access or a cyberattack;

   b.   Whether Defendant failed to utilize and maintain adequate and reasonable security and preventive measures to ensure that its computer systems and networks were protected;

   c.   Whether Defendant failed to take available steps to prevent and stop the data breach from occurring;

    d.  Whether Defendant owed a legal duty to Plaintiff and Class Members to protect their Personal Information;

    e.  Whether Defendant breached any duty to protect the Personal Information of Plaintiff and Class Members by failing to exercise reasonable care in protecting their sensitive and private information;

    f.  Whether Defendant provided timely, accurate, and sufficient notice of the data breach to Plaintiff and the Class Members;

    g.  Whether Plaintiff and Class Members have been damaged by the wrongs alleged and are entitled to actual, statutory, or other forms of damages and other monetary relief; and

    h.  Whether Plaintiff and Class Members are entitled to injunctive or equitable relief, including restitution.

52. **Typicality Under Rule 23(a)(3):** Plaintiff's claims are typical of the claims of the Class. Plaintiff, like all proposed members of the Class, had his Personal Information compromised in the data breach. Defendant's uniformly unlawful course of conduct injured Plaintiff and Class Members in the same wrongful acts and practices. Likewise, Plaintiff and other Class Members must prove the same facts in order to establish the same claims.

53. **Adequacy of Representation Under Rule 23(a)(4):** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and class action matters such as this action, and Plaintiff and his counsel intend to vigorously prosecute this action for the Class's benefit and have the resources to do so. Plaintiff and his counsel have no interests adverse to those of the other members of the Class.

54. **Predominance and Superiority**. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Class Member's claim is impracticable. The damages, harm, and losses suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Even if each

Class Member could afford individual litigation, the Court system could not. It would be unduly burdensome if tens of thousands of individual cases or more proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

55.    As a result of the foregoing, class treatment under Federal Rule of Civil Procedure 23 is appropriate.

### COUNT I - NEGLIGENCE
(On Behalf of Plaintiff and the Class)

56.    Plaintiff and the Class re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1 through 55.

57.    Plaintiff and the Class entrusted Defendant with certain Personal Information.

58.    Plaintiff and the Class entrusted their Personal Information to Defendant on the premise and with the understanding that Defendant would safeguard their information, use their Personal Information for business purposes only, and/or not disclose their Personal Information to unauthorized third parties.

59.    Defendant has full knowledge of the sensitivity of the Personal Information and the types of harm that Plaintiff and the Class could and would suffer if the Personal Information were wrongfully disclosed.

60.    Defendant knew or reasonably should have known that the failure to exercise due care in the collecting, storing, and using of the Personal Information of Plaintiff and the Class involved an unreasonable risk of harm to Plaintiff and the Class, even if the harm occurred through the criminal acts of a third party.

61.    Defendant had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen,

misused, and/or disclosed to unauthorized parties. This duty includes, among other things, designing, maintaining, and testing Defendant's security protocols to ensure that the Personal Information of Plaintiff and the Class in Defendant's possession was adequately secured and protected.

62.    Defendant also had a duty to exercise appropriate clearinghouse practices to remove former members' Personal Information they were no longer required to retain.

63.    Defendant also had a duty to have procedures in place to detect and prevent the improper access and misuse of the Personal Information of Plaintiff and the Class.

64.    Defendant's duty to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiff and the Class. That special relationship arose because Plaintiff and the Class entrusted Defendant with their confidential Personal Information.

65.    Defendant was subject to an "independent duty," untethered to any contract between Defendant and Plaintiff or the Class.

66.    A breach of security, unauthorized access, and resulting injury to Plaintiff and the Class was reasonably foreseeable, particularly in light of Defendant's inadequate security practices and other widely publicized cyberbreaches targeting similar information.

67.    Plaintiff and the Class were the foreseeable and probable victims of Defendant's inadequate security practices and procedures.

68.    Defendant knew or should have known of the inherent risks in collecting, storing, and sharing the Personal Information of Plaintiff and the Class, the critical importance of providing adequate security of that Personal Information, and the necessity for encrypting Personal Information before sharing them and ensuring they were encrypted when stored on Defendant's systems or the systems of any entity with which Defendant shared the Personal Information.

69.    Defendant's own conduct created a foreseeable risk of harm to Plaintiff and the Class.

70.    Defendant's misconduct included, but was not limited to, their failure to take the steps and opportunities to prevent the data breach as set forth herein. Defendant's misconduct also included their decisions not to comply with industry standards for the safekeeping of the Personal Information of Plaintiff and the Class.

71.    Plaintiff and the Class had no ability to protect their Personal Information that was in Defendant's possession.

72.    Defendant was in a position to protect against the harm suffered by Plaintiff and the Class as a result of the data breach.

73.    Defendant had and continues to have a duty to adequately disclose that the Personal Information of Plaintiff and the Class within Defendant's possession, custody, or control might have been compromised, how it was compromised, and precisely the types of data that were compromised and when. Such notice was necessary to allow Plaintiff and the Class to take steps to prevent, mitigate, and repair any identity theft and the fraudulent use of their Personal Information by third parties.

74.    Defendant had a duty to employ proper procedures to prevent the unauthorized dissemination of the Personal Information of Plaintiff and the Class.

75.    Defendant has admitted that the Personal Information of Plaintiff and the Class was wrongfully compromised and disclosed to unauthorized third persons as a result of the data breach.

76.    Defendant, through their actions and/or omissions, unlawfully breached their duties to Plaintiff and the Class by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding the Personal Information of Plaintiff and the Class during the time the Personal Information was within Defendant's possession, custody, or control.

77.    Defendant improperly and inadequately safeguarded the Personal Information of Plaintiff and the Class in deviation of standard industry rules, regulations, and practices at the time of the data breach.

78.    Defendant failed to heed industry warnings and alerts to provide adequate safeguards to protect the Personal Information of Plaintiff and the Class in the face of increased risk of theft.

79.    Defendant, through their actions and/or omissions, unlawfully breached their duty to Plaintiff and the Class by failing to have appropriate procedures in place to detect and prevent dissemination of Defendant's current and former members' Personal Information.

80.    Defendant, through their actions and/or omissions, unlawfully breached their duty to adequately and timely disclose to Plaintiff and the Class the existence and scope of the data breach.

81.    But for Defendant's wrongful and negligent breach of duties owed to Plaintiff and the Class, the Personal Information of Plaintiff and the Class would not have been compromised.

82.    There is a close causal connection between Defendant's failure to implement security measures to protect the Personal Information of Plaintiff and the Class and the harm, or risk of imminent harm, suffered by Plaintiff and the Class. The Personal Information of Plaintiff and the Class was lost and accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such Personal Information by adopting, implementing, and maintaining appropriate security measures.

83.    As a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their Personal Information is used; (iii) the compromise, publication, and/or theft of their Personal Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Personal Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the data breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their Personal Information, which remain in Defendant's possession, custody and control and is subject to further unauthorized disclosures

13

so long as Defendant failed to undertake appropriate and adequate measures to protect the Personal Information of Plaintiff and the Class; and (viii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Personal Information compromised as a result of the data breach for the remainder of the lives of Plaintiff and the Class.

84.     As a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

85.     Additionally, as a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will suffer the continued risks of exposure of their Personal Information, which remain in Defendant's possession, custody, and control and are subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the Personal Information in their continued possession.

## COUNT II – NEGLIGENCE PER SE
(On Behalf of Plaintiff and the Class)

86.     Plaintiff and the Class re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1 through 55.

87.     Pursuant to the FTC Act, 15 U.S.C. § 45, Defendant had a duty to maintain fair and adequate computer systems and data security practices to safeguard Plaintiff's and the Class's Personal information.

88.     Section 5 of the FTC Act prohibits "unfair ... practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect Personal Information. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

89.     Defendant violated Section 5 of the FTC Act by failing to use reasonable measures to protect Personal Information and not complying with applicable industry standards, as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of Personal

Information they obtained and stored and the foreseeable consequences of the immense damages that would result to Plaintiff and the Class.

90.    Plaintiff and the Class are within the class of persons that the FTC Act was intended to protect.

91.    The harm that occurred as a result of the data breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

92.    But for Defendant's wrongful and negligent breach of the duties owed to Plaintiff and Class Members, Plaintiff and the Class Members would not have been injured.

93.    The injuries and harms suffered by Plaintiff and the Class Members were the reasonably foreseeable result of Defendant's breach of its duties. Defendant knew or should have known that they were failing to meet its duties and that its breach would cause Plaintiff and the Class Members to suffer the foreseeable harms associated with the exposure of their Personal Information.

94.    Defendant's various violations and its failure to comply with the applicable laws and regulations referenced above constitute negligence *per se*.

95.    As a direct and proximate result of Defendant's negligence per se, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their Personal Information is used; (iii) the compromise, publication, and/or theft of their Personal Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Personal Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the data breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their Personal Information, which remain in Defendant's possession, custody and control and is

subject to further unauthorized disclosures so long as Defendant failed to undertake appropriate and adequate measures to protect the Personal Information of Plaintiff and the Class; and (viii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Personal Information compromised as a result of the data breach for the remainder of the lives of Plaintiff and the Class.

96.    As a direct and proximate result of Defendant's negligence per se, Plaintiff and the Class have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

97.    Additionally, as a direct and proximate result of Defendant's negligence per se, Plaintiff and the Class have suffered and will suffer the continued risks of exposure of their Personal Information, which remain in Defendant's possession, custody, and control and are subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect the Personal Information in their continued possession.

## COUNT III - BREACH OF IMPLIED CONTRACT
### (On Behalf of Plaintiff and the Class)

98.    Plaintiff and the Class re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1 through 55.

99.    Through their course of conduct, Plaintiff and the Class Members entered into implied contracts with Defendant under which Defendant agreed to safeguard and protect their confidential and private Personal Information and to timely and accurately notify Plaintiff and Class Members if their information had been breached and compromised.

100.    Defendant acquired, stored, and maintained the Personal Information of Plaintiff and the Class that they received either directly from them or that Defendant otherwise received from other third parties.

101.    Plaintiff and Class Members were required to provide, or authorize the transfer of, their private information for Defendant to provide services.

102.    Defendant solicited, offered, and invited Class Members to provide their Private Information as part of Defendant's regular business practices. Plaintiff and Class Members accepted Defendant's offers and provided their private information to Defendant.

103.    Plaintiff and the Class fully performed their obligations under the implied contracts with Defendant.

104.    Plaintiff and the Class Members would not have entrusted their Personal Information to Defendant in the absence of such an implied contract. Had Defendant disclosed to Plaintiff and the Class that they did not have adequate computer systems and security practices to secure sensitive data, Plaintiff and the other Class Members would not have provided their Personal Information to Defendant.

105.    Defendant recognized that Plaintiff's and Class Members' Personal Information is highly sensitive and must be protected and that this protection was of material importance as part of the bargain to Plaintiff and the other Class Members.

106.    Defendant breached the implied contracts it made with Plaintiff and the Class by failing to safeguard and protect their Personal Information and by failing to provide timely and accurate notice to them that Personal Information was compromised as a result of the data breach.

107.    As a direct and proximate result of Defendant's above-described breach of implied contract, Plaintiff and the Class have suffered (and will continue to suffer) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts, decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

## COUNT IV – DECLARATORY JUDGMENT FOR INJUNCTIVE RELIEF
### (On Behalf of Plaintiff and the Class)

108.    Plaintiff and the Class re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1 through 55.

109.    Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and to grant further necessary relief. Furthermore, the Court has broad authority to restrain acts that are tortious and violate the terms of the federal and state statutes described herein.

110.    Defendant owes a duty of care to Plaintiff and Class Members, which required Defendant to adequately monitor and safeguard Plaintiff's and Class Members' Personal Information.

111.    Defendant and its officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns still possess the Personal Information belonging to Plaintiff and Class Members.

112.    An actual controversy has arisen in the wake of the data breach regarding Plaintiff's and Class Members' Personal Information and whether Defendant is currently maintaining data security measures adequate to protect Plaintiff and Class Members from further data breaches that compromise their Personal Information.

113.    Plaintiff alleges that Defendant's data security measures remain inadequate. Furthermore, Plaintiff and the Class continue to suffer injury as a result of the compromise of their Personal Information and the risk remains that further compromises of their private information will occur in the future.

114.    Under its authority pursuant to the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

      a.    Defendant owes a legal duty to secure the Personal Information of Plaintiff and the Class within its care, custody, and control under common law and Section 5 of FTC Act;

b.  Defendant breached its duty to Plaintiff and the Class by allowing the data breach to occur;

c.  Defendant's existing data monitoring measures do not comply with its obligations and duties of care to provide reasonable security procedures and practices that are appropriate to protect the Personal Information of Plaintiff and the Class within Defendant's custody, care, and control; and

d.  Defendant's ongoing breaches of said duties continue to cause harm to Plaintiff and the Class.

115.    This Court should also issue corresponding prospective injunctive relief requiring Defendant to employ adequate security protocols consistent with legal and industry standards to protect the Personal Information of Plaintiff and the Class within its custody, care, and control, including the following:

a.  Order Defendant to provide lifetime credit monitoring and identity theft insurance to Plaintiff and Class Members.

b.  Order that, to comply with Defendant's obligations and duties of care, Defendant must implement and maintain reasonable security and monitoring measures, including, but not limited to:

    i.  Engaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems, networks, and servers on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

    ii.  Encrypting and anonymizing the existing Personal Information within its servers, networks, and systems to the extent practicable, and purging all such information which is no longer reasonably necessary for Defendant to provide adequate services to its customers and other employees;

    iii.  Engaging third-party security auditors and internal personnel to run automated security monitoring;

    iv.   Auditing, testing, and training its security personnel regarding any new or modified procedures;

    v.   Segmenting its user applications by, among other things, creating firewalls and access controls so that if one area is compromised, hackers cannot gain access to other portions of Defendant's systems, networks, and servers;

    vi.   Conducting regular database scanning and security checks; and

    vii.   Routinely and continually conducting internal training and education to inform Defendant's internal security personnel how to identify and contain a data breach when it occurs and what to do in response to a breach.

116.   If an injunction is not issued, Plaintiff and the Class will suffer irreparable injury and will lack an adequate legal remedy to prevent another data breach or cybersecurity incident. This risk is real, immediate, and substantial. If another data breach or cybersecurity incident occurs with Defendant, Plaintiff and the Class will not have an adequate remedy at law because many of the resulting injuries are not readily quantifiable.

117.   The hardship to Plaintiff and the Class if an injunction is not issued exceeds the hardship to Defendant if an injunction is issued. Plaintiff and the Class will likely be subjected to substantial, continued identity theft and other related damages if an injunction is not issued. On the other hand, the cost of Defendant's compliance with an injunction requiring reasonable prospective data security measures is relatively minimal, and Defendant has a pre-existing legal obligation to employ such measures.

118.   Issuance of the requested injunction will not disserve the public interest. To the contrary, such an injunction would benefit the public by preventing a subsequent data breach or cybersecurity incident with Defendant, thus preventing future injury to Plaintiff and the Class and other persons whose Personal Information would be further compromised.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of him/herself and Class Members, requests judgment against Defendant, BETTERMENT, LLC, and that the Court grant the following relief:

A. An Order certifying the Class and appointing Plaintiff and their Counsel to represent each such Class;

B. An Order declaring that Defendant engaged in the illegal and wrongful conduct alleged herein;

C. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the Personal Information of Plaintiff and Class Members, and from refusing to issue prompt, complete, any accurate disclosures to Plaintiff and Class Members;

D. For injunctive relief requested by Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class Members, including but not limited to:

   a. Order Defendant to provide lifetime credit monitoring and identity theft insurance to Plaintiff and Class Members.

   b. Order that, to comply with Defendant's obligations and duties of care, Defendant must implement and maintain reasonable security and monitoring measures, including, but not limited to:

      i. Engaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems, networks, and servers on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

      ii. Encrypting and anonymizing the existing Personal Information within its servers, networks, and systems to the extent practicable, and purging all such information which is no

21

longer reasonably necessary for Defendant to provide adequate services to its customers and other employees;

    iii.  Engaging third-party security auditors and internal personnel to run automated security monitoring;

    iv.  Auditing, testing, and training its security personnel regarding any new or modified procedures;

    v.  Segmenting its user applications by, among other things, creating firewalls and access controls so that if one area is compromised, hackers cannot gain access to other portions of Defendant's systems, networks, and servers;

    vi.  Conducting regular database scanning and security checks; and

    vii.  Routinely and continually conducting internal training and education to inform Defendant's internal security personnel how to identify and contain a data breach when it occurs and what to do in response to a breach.

E.  For an award of compensatory, consequential, and general damages, including nominal damages as appropriate, as allowed by law in an amount to be determined at trial;

F.  For an award of statutory or punitive damages and penalties as allowed by law in an amount to be determined at trial;

G.  For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

H.  For pre-judgment and post-judgment interest on all amounts awarded; and

I.  Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members hereby demand that this matter be tried before a jury.

Dated: January 13, 2026

Respectfully submitted,

**COHEN LAW GROUP**

By: _/s/ Theodore Corless_
THEODORE CORLESS, ESQ.
Fla. Bar No. 176192
KYLE MATHEW HYMAN, ESQ.
Fla. Bar No. 99466*
*Pro Hac Vice Motion Pending*
Counsels for Plaintiff
350 North Lake Destiny Road
Maitland, Florida 32751
Telephone: (407)478-4878
Facsimile: (407) 478-0204
E-Mail: Tcorless@itsaboutjustice.law
E-Mail: khyman@itsaboutjustice.law